UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 01-cr-40047-JPG-001 |
| KENDRICK D. LATHAM, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kendrick D. Latham's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 299). The Government has responded to the motion (Doc. 311)

In July 2002, a jury found Latham guilty of one count of conspiring to distribute 50 grams or more of crack cocaine and one count of possession with intent to distribute 5 grams or more of cocaine base. The statutory sentencing range for Count 1 was 10 years to life in prison under 21 U.S.C. § 841(b)(1)(A)(iii) (2001) and for Count 2 was 5 to 40 years under 21 U.S.C. § 841(b)(1)(B)(iii) (2001). At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 847.56 grams of crack cocaine, which under U.S.S.G. § 2D1.1 (2001) yielded a base offense level of 36. The Court increased his offense level by 2 points under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon, by 2 points under U.S.S.G. § 3B1.4 for using a minor to commit the offense, and by 2 points under U.S.S.G. § 3C1.1 because he obstructed justice. This established a total offense level of 42 which, considering the defendant's criminal history category of IV, yielded a guideline sentencing range

of 360 months to life in prison. The Court imposed a sentence of 480 months in prison and 5 years of supervised release on each count to run concurrently. Following retroactive amendments to the sentencing guidelines, the Court found Latham's guideline sentencing range was lowered to 324 to 405 months, and it reduced his sentence of imprisonment to 360 months.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act.   His conviction is the type of conviction covered by § 404 of the First Step Act.   He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing ranges set forth in 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii) under which he was sentenced.   Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the Fair Sentencing Act.   *See Shaw*, 957 F.3d at 739.   Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

Latham requests a reduction to time served for Counts 1 and 2 followed by 4 and 3 years of supervised release, respectively.   In support of his request, Latham points to the lower statutory and guideline ranges that would apply if he were sentenced today.   He states that his criminal history category would be lower now based on a mistake in the original calculation and a later, non-retroactive guideline change.   He further notes that he has taken advantage of every

3

available program during his incarceration, amounting to more than 10,000 hours of rehabilitation programming across a wide variety of topics. He further notes he was a young 22 when he was convicted and had only one prior conviction before that time, and he is now 40 years old.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one. It argues that the Court should not consider a revised criminal history category because that was not a change wrought by the First Step Act. Instead, it would correct an alleged error in the original calculation and would reflect a change in the guidelines that has not been declared retroactive. With the same criminal history category, the defendant's guideline range has not changed since the Court lowered his sentence in 2017 under 18 U.S.C. §3582(c)(2) based on retroactive sentencing guideline Amendment 782. The Government further argues that Latham still poses a danger to the community because of the same factors the Court considered at his original sentencing, and that the Court has already factored in his post-conviction conduct in its decision to reduce his sentence after Amendment 782. The Government concedes that the sentence on Count 2 should be reduced to 240 months and the terms of supervised release should each be reduced by a year because of a new statutory range, but that the Court should allow the 360-month sentence of imprisonment on Count 1 to remain.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not

4

required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.   Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion.   *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

With all prior findings the same, had the defendant been convicted today of conspiring to deliver more than 50 grams of crack cocaine and distributing more than 5 grams of cocaine base, with relevant conduct of 847.56 grams of crack cocaine, he would have been subject to a statutory sentencing range of 5 to 40 years in prison and no less than 4 years of supervised release on Count 1 under 21 U.S.C. § 841(b)(1)(B)(iii) and of no more than 20 years in prison and no less than 3 years of supervised release on Count 2 under 21 U.S.C. § 841(b)(1)(C).   His base offense level would have been 32 and his total offense level 38.   With a criminal history category of IV, his guideline range would have been the same as it was when the Court exercised its discretion to reduce his sentence in 2017:   324 to 405 months.   This is the range the Government believes is appropriate.

Latham argues that the Court should consider an alleged error in his sentencing—the awarding of 2 criminal history points for being under a criminal justice sentence during his offense—and a non-retroactive change in the guidelines—elimination of the awarding of a criminal history point for committing the crime within two years of release from a criminal justice sentence. If the Court were to accept this position, Latham's criminal history category would be III and his guideline range would be 292 to 365 months in prison. This is the range Latham believes is appropriate; the Government argues that the First Step Act does not give the Court the authority to revisit Latham's criminal history category.

The Court agrees with the Government that it is not required to change Latham's criminal history category as it would in a plenary resentencing, but it agrees with Latham that it is a factor the Court may consider in the exercise of its discretion. *See Hudson*, 967 F.3d at 612. The Court gives this criminal history argument little weight, however, since, even though Latham is correct that he should not have received 2 criminal history points under U.S.S.G. § 4A1.1(d) (2001) for committing the offense while still under a criminal justice sentence, he could have and should have raised that issue on direct appeal. Additionally, had Latham not received 2 criminal history points under U.S.S.G. § 4A1.1(d), he would have received *2* points instead of 1 under § 4A1.1(e), which would have resulted in a criminal history score of 8, still within criminal history category IV. As for the later elimination of U.S.S.G. § 4A1.1(e), which awarded 1 or 2 points for committing the offense less than two years after release from custody, the Sentencing Commission did not make the change in the guidelines retroactive. Nevertheless, if the Court accepted Latham's arguments, his offense level would be 38, his criminal offense category would be III, and his guideline range would be 292 to 365. Finally, as the Government notes,

6

the Court has already considered these factors when it decided to reduce Latham's sentence to 360 months. It notes those factors here but only to confirm that it has considered them.

Its prior consideration of the § 3553(a) factors explained at sentencing remains valid. The Court remembers Latham very well from his trial and sentencing. He was a ringleader in a drug distribution operation out of a public housing complex, he used threats of violence to protect that operation, and he recruited children—even from his own family—to handle guns and drugs as integral parts of that operation, and then tried to tamper with their witness testimony. The Court found Latham's actions abhorrent. Latham's post-conviction conduct has been positive, but the Court has already considered that in reducing his sentence to 360 months following Amendment 782 to the sentencing guidelines. That sentence is still within the lowest possible sentencing range that might have applied had Latham been sentenced today: 292 to 365 months. The Court believes that 360 months is an appropriate sentence of imprisonment for Count 1 for the reasons it gave at Latham's original sentencing hearing, and that his achievements in prison since are reflected in the Court's exercise of discretion to reduce his sentence by 120 months in 2017. That good conduct does not outweigh the reasons for Latham's lengthy sentence. A 360-month sentence is still sufficient but no more than necessary to comply with the purposes of 18 U.S.C. § 3553(a) and is still necessary to protect the public from Latham.

As for Count 2, the Court cannot ignore—and the Government concedes—that Latham would only be subject to a 20-year sentence today, yet the existing sentence on Count 2 is 360 months. For this reason, the Court will reduce the sentence on Count 2 to 240 months, the currently statutory maximum for that offense. Similarly, the supervised release range for Count

1 was lowered to no more than 4 years and for Count 2 to no more than 3 years.   Latham's supervised release sentence should be reduced by a year for each count.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 299) and will reduce his sentence as set forth above.   The Court will enter a separate order of reduction in the Court's standard format.

**IT IS SO ORDERED.**
**DATED:   August 26, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
