IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 01-CR-40047-SMY-001 |
| | ) |
| KENDRICK D. LATHAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Kendrick D. Latham's Motion for Ineffective Counsel and the Retroactive Removal of "Recency" Criminal History Points (Doc. 377) and Motion for Emergency Injunctive Ruling seeking his immediate release from custody (Doc. 378). For the following reasons, both Motions are **DENIED**.

## BACKGROUND

In July 2002, a jury found Latham guilty of one count of conspiring to distribute 50 grams or more of crack cocaine and one count of possession with intent to distribute 5 grams or more of cocaine base. The statutory sentencing range for Count 1 was 10 years to life in prison under 21 U.S.C. §841(b)(1)(A)(iii) (2001) and for Count 2 was 5 to 40 years under 21 U.S.C. §841(b)(1)(B)(iii) (2001). At sentencing, the Court adopted the Presentence Investigation Report's relevant conduct finding of 847.56 grams of crack cocaine, which resulted in a base offense level of 36 pursuant to U.S.S.G. §2D1.1 (2001). The Court increased the offense level by 2 points because Defendant possessed a dangerous weapon (U.S.S.G. §2D1.1(b)(1)), by 2 points for using a minor to commit the offense (U.S.S.G. §3B1.4), and by 2 points for obstruction of justice (U.S.S.G. §3C1.1). The total offense level was 42 and Latham's criminal history category was

IV. Therefore, the guideline sentencing range was 360 months to life in prison. The Court imposed a sentence of 480 months in prison and 5 years of supervised release on each count to run concurrently (Doc. 145).

Following retroactive amendments to the sentencing guidelines, the Court found Latham's offense level to be lowered to 38 with his criminal history category remaining a IV, resulting in a guidelines sentencing range of 324 months to 405 months' imprisonment. The Court imposed an amended reduced sentence of 360 months (Doc. 264).

Defendant subsequently, requested that the Court hold a plenary resentencing hearing and reduce his sentence in light of the First Step Act §404 (Docs. 283, 299). He sought the following reduced sentence: the applicable statutory sentencing range for Counts 1 and 2 at 5 to 40 years of imprisonment and not more than 20 years, respectively; that the felony classification for Count 1 be reduced to a Class B and the felony classification for Count 2 be reduced to a Class C; that the applicable term of supervised release for Count 1 be at least four years and for Count 2 be at least three years; and, that the guidelines range for Count 1 be reduced to 292 to 365 months and 240 months for Count 2 (Doc. 299 at p. 16). Further, Defendant contended that his criminal history category should III instead of IV because:

> "…Mr. Latham's first referenced involvement in the offense was February, 2001. PSR, p. 4, para. 15. He received a two-point enhancement for being under a criminal justice sentence during the course of the offense. PSR, p. 12, para. 62. However, he was not. PSR, p. 11, paras. 59, 60. Additionally, he received one criminal history point for having committed the underlying offense within two years of release from a criminal justice sentence. PSR, p. 12, para. 62. That enhancement no longer exists. See U.S.S.G. §4A1.1(e). Mr. Latham's criminal history category now results in an offense level of 292 to 365 months' incarceration. See U.S.S.G. Sentencing Table." (Doc. 299 at p. 16).

On August 26, 2020, U.S. District Judge J. Phil Gilbert granted Defendant's motion for a sentence reduction and reduced his sentence on Count 2 to 240 months (Doc. 317 at p. 7) and also

reduced his term of supervised release sentence by one year on each count (*Id.* at pp. 7-8). The Court declined to make any reduction to Defendant's criminal history points:

> "…if the Court accepted Latham's arguments, his offense level would be 38, his criminal offense category would be III, and his guideline range would be 292 to 365…the Court has already considered these factors when it decided to reduce Latham's sentence to 360 months. It notes those factors here but only to confirm that it has considered them." (*Id.* at pp. 6-7).

Defendant did not appeal the Court's August 26, 2020 Order.

Defendant later filed a Motion to Appoint Counsel to prepare motions seeking reduction in his sentence based upon upcoming changes to Guidelines and the retroactive removal of criminal history points (Doc. 375). The Court denied the motion without prejudice noting, "proposals to amend the Sentencing Guidelines do not invariably lead to amendments…[I]f the Commission changes the Guidelines and makes the changes sought by Kendrick Latham retroactive, he will be entitled to seek that benefit." (Doc. 376).

Defendant has now filed a Motion for Ineffective Counsel and the Retroactive Removal of "Recency" Criminal History Points (Doc. 377) and an Emergency Injunctive Ruling Request (Doc. 378). He requests that he be resentenced based upon a criminal history category III instead of IV under the First Step Act (Doc. 377). His request for relief is the same as the relief requested in his motion (Docs. 283, 299) that was ruled upon by the Court on August 26, 2020 (Doc. 317). Accordingly, the Court construes the pending motions as motions to reconsider the Court's August 26, 2020 Order.

## DISCUSSION

A motion filed after judgment or order has been entered can be analyzed either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. When a substantive motion is filed within twenty-eight (28) days of entry of judgment or order, courts will generally construe it

as a motion pursuant to Rule 59(e); later filed motions are be construed under Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Relatedly, under Rule 60(c), any motion filed under Rule 60(b) must be made "within a reasonable time" – "and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Relief under Rule 60(b) is extraordinary and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Here, Defendant provides no basis for Rule 60(b) reconsideration. His motion is untimely and he fails to assert any proactive steps he took since the Court's August 26, 2020 order. Accordingly, his Motion for Ineffective Counsel and the Retroactive Removal of "Recency" Criminal History Points (Doc. 377) and Motion for Emergency Injunctive Ruling seeking his immediate release from custody (Doc. 378) are **DENIED**.

**IT IS SO ORDERED.**

DATED:  December 4, 2023

**STACI M. YANDLE**
**United States District Judge**