**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 01-cr-40047-SMY-2** |
| | ) | |
| **KENDRICK D. LATHAM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**YANDLE, District Judge:**

Defendant Kendrick D. Latham was sentenced to 480 months' imprisonment after a jury convicted him of conspiracy to distribute and possess with intent to distribute 50 grams of cocaine base, commonly referred to as "crack cocaine" (Count 1), and of possession with intent to distribute five (5) grams or more of cocaine base ("crack cocaine") (Count 2) (Docs. 141, 145). The sentence was later reduced to 360 months' imprisonment (Docs. 264, 319).[1]

Latham recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 400).  Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Molly Madrigal entered her appearance on Latham's behalf in order to determine his eligibility for a sentence reduction (Doc. 402).   The Court has since reviewed Latham's eligibility under Amendment 821 to the United States Sentencing Guidelines and enters this Order *sua sponte*.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and

---

[1] On September 1, 2020, the Court amended Latham's sentence again to 240 months on Count 2 while Count 1 remained 360 months (Doc. 319).

eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors.  Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024.  *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant.  If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a).  *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Latham's total offense level when his sentence was reduced was 38, and his criminal history category was IV (with 9 criminal history points).  The Guideline sentencing range was 324-405 months (Doc. 319).  Under Amendment 821, Latham's criminal history category remains IV (with reduced criminal history points of 7).  As such, Amendment 821 is inapplicable and Latham is not eligible for a reduction.

Accordingly, the motion to reduce pursuant to Amendment 821 (Doc. 400) is **DENIED.** Assistant Federal Public Defender Molly Madrigal is **TERMINATED** as Counsel for Defendant Kendrick D. Latham.

**IT IS SO ORDERED.**

**DATED: January 30, 2024**

**STACI M. YANDLE**
**United States District Judge**