## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 01-cr-40047-SMY |
| | ) |
| KENDRICK LATHAM, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, Chief Judge:**

Defendant Kendrick Latham was convicted of conspiracy to distribute and possess with intent to distribute controlled substances (Count 1) and possession with intent to distribute controlled substances (Count 2) on Jully 17, 2002. Latham was sentenced to a term of imprisonment of 480 months, to be followed by five years of supervised release on November 7, 2002 (Doc. 145). On August 3, 2021, Latham was placed on home confinement pursuant to the CARES Act (Doc. 354). His term of imprisonment was later commuted through an executive grant of clemency on December 12, 2024 (Doc. 432).

Latham's term of supervised release commenced on December 22, 2024. *Id.* Now pending before the Court is Latham's *pro se* Motion for Early Termination of Supervised Release (Doc. 438), to which the Government and the United States Probation Office object (Doc. 440).[1]

A criminal defendant may, after serving at least one year of a term of supervised release, move the sentencing court for the early termination of the remainder of his or her term. 18 U.S.C. § 3583(e)(1). The court may grant a motion for early termination of supervised release after considering relevant factors under 18 U.S.C. § 3553(a) if it is satisfied that early termination is

---

[1] Defendant filed a Reply without seeking leave in violation of Local Rule 7.1 and this Court's Case Management Procedures (Doc. 442). Nevertheless, the Court has considered Defendant's Reply.

warranted by the defendant's conduct and the interest of justice. 18 U.S.C. § 3583(e)(1); *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir. 2011). Here, Latham had not yet served a full year of his term of supervised release at the time his motion was filed on December 9, 2025. However, because a year has now passed, and in the interests of judicial economy, the Court analyzes his motion in light of the relevant § 3553(a) factors.

Latham argues he is entitled to early termination because he has been living in his community for over four years,[2] has steady employment, has not failed or refused a drug test since being placed in home confinement, and has had no issues with law enforcement. In opposing Latham's motion, Probation asserts that additional time is required to monitor Latham's reintegration into community. And the Government points to an email exchange from February 2023, in which the Probation Office requested terminating Defendant's location monitoring status and returning him to a halfway home for repeated refusal to cooperate with his probation officer, concealment of his activities and associations, and attempts to manipulate his monitoring schedule.

The Court notes the conduct described in the Government's response occurred three years ago. However, Latham's relatively short period of time on supervised release, the nature and circumstances of the underlying offense, the need to address specific deterrence, and the need to protect the public from future crimes by the defendant, combined with his refusal to cooperate with his probation officer and concealment of his associations, weigh significantly against termination of his supervised release at this juncture.

---

[2] Prior to beginning his term of supervised release, Defendant had been serving his term of imprisonment under home confinement pursuant to the CARES Act for approximately three years. Doc. 440 at 2. However, home confinement is considered part of a defendant's term of imprisonment and is distinct from supervised release. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) ("An inmate in home confinement remains in custody of the Bureau."); *See also* 18 U.S.C. § 3624(c)(2) (referring to an inmate serving the final stretch of his "term of imprisonment" in home confinement as a "prisoner").

Accordingly, Defendant's Motion for Early Termination of Supervised Release (Doc. 438) is **DENIED**.

      **IT IS SO ORDERED.**

      **DATED: January 27, 2026**

                                               **STACI M. YANDLE**
                                               **Chief U.S. District Judge**